UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,         Civil Action No. 11-15286
                                           Honorable Nancy G. Edmunds
                                           Magistrate Judge David R. Grand

v.

DARYL COMMAGE,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY AS MOOT
OBJECTION TO WRIT OF GARNISHMENT [ECF NO. 27]**

On December 2, 2011, the United States of America, on behalf of its agency, the United States Railroad Retirement Board, brought an action against *pro se* Defendant Daryl Commage under the False Claims Act, 31 U.S.C. §§3729, et seq. On February 10, 2012, a judgment by default was entered against Commage for $157,669.00. (ECF No. 8). On June 25, 2019, Commage filed a Request for Hearing on a writ of garnishment issued on this matter. (ECF No. 27). The parties and the undersigned construed this request as an objection to the writ of garnishment.

The parties had a hearing before the undersigned regarding Commage's objection on July 29, 2019. (ECF No. 30). As a result of that hearing, the parties agreed to attempt to privately negotiate a resolution of the dispute. On October 11, 2019, the government filed a notice indicating that the parties had reached an agreement regarding the payment terms necessary to resolve the judgment entered against Commage. (ECF No. 32.) As a result, the undersigned **RECOMMENDS** that Commage's objection to the writ of garnishment **(ECF No. 27)** be **DENIED AS MOOT**.

Dated: October 21, 2019　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 21, 2019.

　　　　　　　　　　　　　　　　　　　　　　s/Eddrey O. Butts
　　　　　　　　　　　　　　　　　　　　　　EDDREY O. BUTTS
　　　　　　　　　　　　　　　　　　　　　　Case Manager